IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SOHAIL AHMED RANA,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL BUREAU OF INVESTIGATION (FBI), *et al.*,<br><br>Defendants. | Case No. 26-cv-00267 DKW-WRP<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS[1]** |

On June 1, 2026, *pro se* Plaintiff Sohail Ahmed Rana filed a Complaint against the Federal Bureau of Investigation, Department of Veteran Affairs, Federal Bureau of Prisons, Transportation Security Administration, and Office of Special Counsel ("Defendants"), seeking damages under the Federal Tort Claims Act, 28 U.S.C. § 2671.  Dkt. No. 1.  On the same day, Rana filed an application to proceed *in forma pauperis* ("IFP Application").  Dkt. No. 2.

Pursuant to 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by a person who submits an affidavit which demonstrates that they lack the ability to pay.  Though IFP applicants need not demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), they must "allege poverty with some

---

[1]Pursuant to Local Rule 7.1(d), the Court elects to decide this matter without a hearing.

particularity, definiteness, and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quotation marks and citations omitted). The affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life." *Id.* (citing *Adkins*, 335 U.S. at 339); *see* 28 U.S.C. § 1915(a)(1).

Here, the IFP Application lacks necessary information, without which the Court cannot properly evaluated Rana's IFP status. Rana's IFP Application does not match the standard Application to Proceed in District Court Without Prepaying Fees or Costs (AO 240) made available by the Court and appears to have been self-made. Regardless, apart from stating that he is unable to pay the $405 filing fee, Rana's IFP Application fails to include any details as to Rana's financial circumstances. For example, in response to a question inquiring as to Rana's "current monthly income from all sources," Rana has left his answer simply as "$[AMOUNT]", without elaboration. Dkt. No. 2 at 3. The same is true for every other question—at no point does Rana provide any answer as to his present income, assets, dependents, or expenses.

Without this information, the Court cannot assess Rana's ability to pay the fees for this case. *See Escobedo*, 787 F.3d at 1234. Therefore, the IFP Application, Dkt. No. 2, is DENIED WITHOUT PREJUDICE. Plaintiff has until **June 29, 2026**

to *either* (1) pay the filing fee for this action, *or* (2) file a new IFP Application consistent with the above instructions.

**Rana is cautioned that the failure to accomplish one of these options by June 29, 2026, consistent with the guidance above, will result in the automatic dismissal of this action without prejudice and without further notice.  If Rana no longer wishes to proceed with this action, he should file a letter advising the Court as such.**

The Clerk of Court is DIRECTED to mail Rana a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240).

IT IS SO ORDERED.

DATED: June 8, 2026 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

Sohail Ahmed Rana v. Federal Bureau of Investigation (FBI) et al; Civil No. 26-00267 DKW-WRP; **ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**